UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-23208-GAYLES/TORRES

JONATHAN HESTER,
    Plaintiff,
v.

NCL (BAHAMAS) LTD., a Bermuda
Company, d/b/a "NORWEGIAN CRUISE
LINE" and/or "NCL," et al.,
    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants', NCL (Bahamas) Ltd. ("NCL") and Onespaworld (Bahamas) Ltd. ("OneSpaWorld") (collectively, the "Defendants"), Joint Motion to Dismiss Plaintiff's Amended Complaint or, In the Alternative, for a More Definite Statement (the "Motion") [ECF No. 56].[1] The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## BACKGROUND[2]

**I.    Factual Background**

This action arises from injuries that Plaintiff Jonathan Hester sustained while onboard the cruise ship, *M/S Norwegian Escape* (the "cruise ship"), owned and operated by NCL. From February 22, 2020 until February 25, 2020, Plaintiff was a fare-paying passenger of the cruise ship. As part of the spa amenities, the cruise ship was equipped with a Snow Room that was supposed

---

[1] Three other defendants, NCL Corporation, Ltd., Mandara Spa (Cruise II), LLC, and One Spa World, LLC, originally joined in the Motion. However, as of October 7, 2021, those Defendants were voluntarily dropped from the case. [ECF No. 85].

[2] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Amended Complaint for Negligence and Jury Demand (the "Amended Complaint") as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

to cover the floor with snow—not ice. OneSpaWorld was hired by NCL to manage the cruise ship's spa amenities. On the morning of February 25, 2020, Plaintiff entered the Snow Room and immediately slipped and fell on ice that had formed on the floor at the entrance. As a result, Plaintiff sustained injuries.

## II. Procedural History

On August 3, 2020, Plaintiff filed this action against NCL, alleging one count of negligence. [ECF No. 1]. On April 2, 2021, Plaintiff filed his Amended Complaint, adding NCL Corporation, Ltd. ("NCL Corp.") to the original negligence count and bringing another count of negligence against Mandara Spa (Cruise II), LLC ("Mandara Spa"), One Spa World, LLC, and OneSpaWorld. [ECF No. 32]. On May 20, 2021, all five defendants jointly filed the instant Motion. [ECF No. 56]. On October 6, 2021, the parties filed a Joint Stipulation for Entry of Agreed Order Dropping Three Party Defendants Only, Pursuant to FRCP 21 (the "Stipulation"). [ECF No. 84]. On October 7, 2021, the Court granted the Stipulation and dismissed NCL Corp., Mandara Spa, and One Spa World, LLC from this action, [ECF No. 85], leaving NCL and OneSpaWorld as the remaining Defendants.

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be

supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted).

## ANALYSIS

### I. Plaintiff's Amended Complaint is Sufficiently Pleaded

The Court finds that Plaintiff properly alleges his negligence claim in his Amended Complaint.[3] To bring a maritime negligence claim, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted). A defendant owes a duty to a plaintiff if it "had actual or constructive notice of the risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Amy v. Carnival Corp.*, 961 F.3d 1303, 1308 (11th Cir. 2020) (citation omitted). For a negligent-maintenance claim, that duty may still arise "even if the danger was obvious[;]" however, for a negligent failure-to-warn claim, the duty only applies to "known dangers that are not open and obvious." *Id.* (citation omitted).

---

[3] Defendant NCL is correct that it cannot be held vicariously liable for the negligence of independent contractors. *See Wolf v. Celebrity Cruises, Inc.*, 101 F. Supp. 3d 1298, 1307 (S.D. Fla. 2015), *aff'd*, 683 F. App'x 786 (11th Cir. 2017); [ECF No. 56 at 12–14]. However, Plaintiff's general reference to "contractors" is sufficient at the motion to dismiss stage.

3

Defendants argue that the Amended Complaint is a shotgun pleading and should be dismissed because it comingles parties and asserts multiple theories of liability in single counts.[4] The Court acknowledges that, as initially written, the Amended Complaint constituted a shotgun pleading because Plaintiff impermissibly named all the defendants without distinguishing which claims pertained to which defendant. However, the Stipulation cured this defect.[5] [ECF No. 84].

The Court further finds no merit to Defendants' argument that Plaintiff impermissibly asserts numerous theories of liability in a single count. In his Amended Complaint, Plaintiff alleges the necessary elements of his negligent maintenance and failure-to-warn claims and supports each element with factual allegations. *See Cancanon v. ESA Mgmt., LLC*, No. 1:20-CV-21876, 2021 WL 2400275, at *3 (S.D. Fla. June 11, 2021) (finding second amended complaint was not a shotgun pleading even though it listed multiple negligence theories of liability under a single count where it provided the defendant with notice as to the claims against it). At the motion to dismiss stage, the Amended Complaint provides sufficient factual allegations to assert Plaintiff's claims for negligence. Therefore, Defendants' Motion shall be denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint or, In the Alternative, for a More Definite Statement, [ECF No. 56], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of November, 2021.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[4] Defendants also argue that Plaintiff fails to properly allege a claim for negligent design. [ECF No. 56 at 14–15]. In his Response, Plaintiff states that he does not raise such a claim in the Amended Complaint. [ECF No. 57]. Therefore, the Court need not make this determination.

[5] In the Stipulation, NCL "stipulate[d] that it is the proper party to respond to the allegations in Count I" and OneSpaWorld "stipulate[d] that it is the proper party to respond to the allegations in Count II[.]" [ECF No. 84].